# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PAULINE WHITE**                                                                           **PLAINTIFF**

**V.**                                                   **NO. 4:14-CV-00171-DMB-JMV**

**ALFA AGENCY, INC., ET AL.**                                        **DEFENDANTS**

## ORDER REMANDING CASE
## FOR LACK OF JURISDICTION

This matter, which began in state court and was removed to federal court, is before the Court sua sponte on the issue of subject matter jurisdiction. As explained below, this Court does not have jurisdiction to adjudicate this case and must remand it to state court.

## I
## Background and Procedural History

On January 10, 2014, Plaintiff Pauline White filed a complaint in the Circuit Court of Leflore County, Mississippi, against Alfa Agency, Inc., Alfa Financial Corporation, John Does 1-10, and John Doe Corporation 1-10. Doc. #1-1. In her complaint, White claims she was covered by two insurance policies issued by Alfa Agency, Inc., and Alfa Financial Corporation ("Alfa Defendants"), worth $25,000 each. Doc. #2 at 3. White alleges that while the policies were in effect, she was in an automobile accident resulting in injury and damage to her vehicle. *Id*. She further alleges that despite being covered, Alfa Defendants did not pay for the damage. *Id*. at 3–4.

On October 31, 2014, White filed in state court a motion for leave to amend her complaint, attaching a proposed amended complaint as an exhibit. Doc. #1-2. The proposed amended complaint sought to add Myeesha McCall, an alleged citizen of Mississippi, as a negligence defendant and included claims of breach of contract, bad faith, and breach of

fiduciary duty on the part of "Defendant Alfa," for which White sought punitive damages. *Id.* at 3, 6–7. The motion for leave to amend and the proposed amended complaint were served on Alfa Defendants on November 5, 2014. Doc. #1 at 1–2; Doc. #1-2 at 1.

On December 4, 2014, Alfa Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, arguing that the punitive damages alleged in White's proposed amended complaint placed the amount in controversy over $75,000. Doc. #1 at 2. The notice of removal also alleged that McCall, a non-diverse defendant, was improperly joined. *Id.* White did not move to remand the case.

On August 7, 2015,[1] Alfa Defendants filed a motion to dismiss White's case for failure to prosecute pursuant to Rule 41, citing White's failure to designate experts and appear for her noticed deposition, among other things.[2] Doc. #31. On October 23, 2015, this Court ordered White to respond to the motion to dismiss or show cause for failing to designate experts and attend the deposition. Doc. #38. On November 2, 2015, White responded to the order to show cause, explaining that she had no experts and that she had missed her deposition because she believed an attorney was settling her case. Doc. #42.

On December 9, 2015, this Court held a hearing on Alfa Defendants' motion to dismiss. At the hearing, Alfa Defendants' attorney, in arguing that White had not acted to prosecute her case, advised that the motion for leave to amend her complaint filed in state court had not been pursued by White because it had never been set for hearing or ruled upon, resulting in the amended complaint never being filed. Alfa Defendants' counsel further noted that because the

---

[1] By this time, Plaintiff was proceeding pro se, and still is. White's most recent counsel was allowed to withdraw as her attorney on February 3, 2015. Doc. #11. White informed the Court that she wished to proceed pro se on April 14, 2015. Doc. #23.

[2] The same day, Alfa Defendants also filed a motion for summary judgment and a motion in limine. Docs. #33 & #35. Alfa Defendants subsequently filed two additional motions in limine. *See* Docs. #52 & #54. White recently filed a motion to supplement the record. *See* Doc. #57.

proposed amended complaint had not been filed, the amount in controversy in this case is $50,000.

**II**
**Law and Analysis**

District courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party asserting diversity jurisdiction bears the burden of proving that the claim exceeds the statutory amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Where "'it appears that the district court lacks subject matter jurisdiction' prior to final judgment, the district court must remand the case to state court." *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, No. 15-30133, 2015 WL 5530262, at *4 (5th Cir. Sept. 21, 2015) (quoting 28 U.S.C. § 1447(c)).

When an original complaint does not state a federal claim but a plaintiff moves to amend the complaint in such a way that would then allow for removal, there is no basis for removal until the motion to amend is granted. *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998). *See also Schoonover v. W. Am. Ins. Co.*, 665 F. Supp. 511, 514 (S.D. Miss. 1987) (case not removable "because the state court retained discretion to deny the leave to amend") (citations omitted). "[R]emoval before the state court actually amends the complaint may have the

anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008). As a result, where "the plaintiff has not yet amended the complaint to include a claim which confers federal jurisdiction, courts have held that it would be premature to remove the case." *Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12-CV-05445-LHK, 2013 WL 1820841, at *5 (N.D. Cal. Apr. 30, 2013) (collecting cases).

Here, Alfa Defendants removed the case because White's proposed amended complaint included a claim for an unspecified amount of punitive damages, which Alfa Defendants claim would put the amount in controversy over $75,000. Doc. #1 at 2. However, as the record indicates, and as counsel for Alfa Defendants pointed out at the hearing, White's motion for leave to file the amended complaint was never granted and the amended complaint was never filed. As a result, the only complaint before the Court is White's original complaint.

In her original complaint, White claims damages under two insurance policies, each of which is worth $25,000. Doc. #2 at 3. White claims that Alfa Defendants are indebted to her for "the approximate amount of $50,000, utilizing stacking," along with interest and costs. *Id*. at 4. Because interest and costs are excluded from determining the amount in dispute for purposes of federal jurisdiction, the amount in controversy according to the original complaint is $50,000, which is less than what is required to establish jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, this Court does not have jurisdiction over the matter and must remand the case to state court. *See generally Abel v. Allstate Prop. & Cas. Ins. Co.*, No. 4:14-CV-00064-DMB, 2015 WL 1292220, at *4 (N.D. Miss. Mar. 23, 2015) (utilizing stacking for determining amount in controversy).

## III
## Conclusion

For the reasons above, this matter is **REMANDED** to the Circuit Court of Leflore County, Mississippi. Accordingly, Alfa Defendants' motion to dismiss [31], motion for summary judgment [33], and motions in limine [35], [52], [54] are **DENIED as moot**; and White's recently filed motion [57] is also **DENIED as moot**.

**SO ORDERED**, this 5th day of January, 2016.

                                        **/s/ Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**